Thank you, Your Honor. May it please the Court? Hang on just a second. Certainly, Your Honor. Okay, you're up. Thank you, Your Honor. May it please the Court, David Bradford on behalf of the Appellants, Manufactured Home Communities. This is an appeal from a district court judgment that dismissed with prejudice six federal constitutional claims to pendant state law claims based principally on the application of Rooker-Feldman and race judicata. Because there was a dismissal with prejudice at the pleading stage, we're here pursuant to de novo review. Significantly, the city did not contend that any of these causes of action failed to state a claim on the merits. It simply interposed Rooker-Feldman and race judicata as procedural or jurisdictional defenses to reaching the merits. The decisions since Judge Ware ruled make it clear that Rooker-Feldman is not a bar to these claims. We do not dispute that the state court judgment was correct as a matter of state law. We do not seek to reverse the state court judgment. We accept it for all purposes. We are here to assert federal constitutional claims that assume that the state court decision was correct. Can you move over in front of the mic? Certainly, Your Honor. Hear you real clearly. Thank you. Thank you. What Judge Ware found was that because the state court judgment and the federal constitutional claims were inextricably intertwined that Rooker-Feldman applied. This court in Maldonado has made clear, as it did in Noel v. Hall, that for Rooker-Feldman to apply, the plaintiff needs to set aside or seek to modify a state court judgment and needs to allege legal error by the state court as a basis for relief. Well, this one-third of the bench at least agrees with you on Rooker-Feldman, so I would find it helpful to me for you to concentrate on the res judicata aspects. I don't know whether others on the bench feel the same. I agree. Thank you. Thank you very much, Your Honor. With respect to res judicata, Judge Ware erred for at least three different reasons as a matter of law. First, in Maldonado, this court recognized that under California law, claim preclusion applies only if the second claim asserts the same primary right as the first claim. Here the state court litigation concerned MHC's claims for rights under state law. The federal claims concern MHC's rights under the Due Process Clause, the Takings Clause, and the Equal Protection Clause. Those are very different primary rights than the ones that were asserted in state court, which everyone acknowledges did not include any litigation or assertion of Federal constitutional claims or rights. Is your at least in part or in any part, is your challenge to the rent control ordinance facial? We have asserted an additional facial claim as well as an as-applied claim. We have asserted both. The facial claim says that the rent control ordinance is an unconstitutional taking. Its mere existence is a violation of the Federal Constitution. That is correct, Your Honor. With respect to res judicata, there is a second reason that Judge Ware erred in applying that doctrine, and that is in the Gallagher decision and the California Supreme Court's decision in MATA, which adopted Gallagher. The Court recognized that when you have an administrative writ proceeding in California and a 1983 action in Federal court, they are intrinsically asserting different rights, that an administrative writ proceeding is concerned with compelling a hearing officer who is not even a judge to follow the mandates of State law. Obviously, Section 1983 is concerned with the vindication of Federal constitutional rights. And, in fact, in MATA, the California court indicated that an administrative writ proceeding is not even an action for res judicata purposes. It's merely considered a proceeding. And, in fact, there has never been a reported case in which the failure to assert a Federal constitutional claim in an administrative writ proceeding where there is not even a trial judge doing the fact-finding, that has never been held to preclude the and it would be unprecedented and contrary to MATA and Gallagher to do so. Finally, as Your Honor is aware, in Santorino, this Court implicitly recognized that where there is an England reservation, a Federal taking claim should not be precluded for claim preclusion purposes based upon the failure to assert that in State administrative proceedings. And we suggest that the underlying rationale of England is equally applicable regardless of whether there's an explicit reservation. And, in fact, in England itself, and I'm quoting 375 U.S. at 421, the Court expressly held that such a reservation is not critical. It said such an explicit reservation is not indispensable. The litigant in no event is in no event to be denied his right to return to the district court unless it clearly appears that he fully litigated his Federal claims in State court. We have here the classic abstention situation where had we gone to Federal court on our Federal constitutional claims first, Pullman abstention would have applied because we have a novel issue of State law, a statute that's never been construed before, and the resolution of that issue could have narrowed or mooted the Federal constitutional claims. So we were obligated to go to State court first to determine what the State law meant as a matter of State law. Having done so, we should not be foreclosed from a Federal forum on our Federal constitutional claims. Let me ask you two questions. What of your Federal claims could have been raised in State court? And, second, did you request compensation and seek compensation in State court first? We could not have asserted at least the as-applied taking claim in State court because under the law in the circuit at that time, it was necessary to at least get a final decision on the application of that law from a State hearing officer. There is a requirement for final decision under Williamson as to that claim. Theoretically, we might have tried to assert the other claims, but, again, we were not obligated to do so, and we had every right under England and the decisions of this Court not to assert those claims. And under Gallagher, they're not compulsory claims. We were under no obligation to do so. With respect to the requirement of seeking just compensation, we believe that this Court's decisions in Ventura and in Cashman, which we've cited in supplemental letters to this Court, established that with respect to a claim for failure to substantially advance a legitimate interest, there is no obligation to seek just compensation because the remedy is invalidation of the ordinance, and if a law does not substantially advance a legitimate purpose, it is an invalid law, and the remedy is not compensation. And that is equally true whether the claim is facial or as-applied, and, therefore, there is no obligation to seek just compensation in order to ripen the as-applied claim. We did, however, need the determination by the State Court, and once that claim became ripe, we promptly asserted it. If I might turn briefly, and I should say that as to Counts 1, 2, 3, and we submit 7, which are the equal protection, due process, and takings claims, that the only grounds for not reaching those claims on the merits were Race Judicata and Worker Feldman, neither of which should bar a decision on the merits, and those claims should be permitted to proceed in any event. With respect to the facial taking claim, there was an additional ground of decision, which was statute of limitation. With respect to the statute of limitations, we filed our claim within two months of the appellate court's interpretation of that law. Until the appellate court interpreted that law, the claim really wasn't ripe and the injury was not known. The decisions of a trial court in California are not final until the appeal is resolved, and so there was timely pursuit of the facial claim as well as of the as-applied claim. With respect to the other set of issues which concerned a Federal due process claim and related State claims with respect to whether certain second homeowners were entitled to rent control, the only ground for not reaching those claims was ripeness. And with respect to the ripeness issue, we have alleged that this is a situation where the city has taken a position that certain people who own two homes can nonetheless get rent control for their vacation homes. The city would like us to submit that issue to a hearing officer, but the problem is that the city, which has already taken a position on this issue, appoints the hearing officers. They are not judges. And those hearing officers make a living from routine appointments by cities. And as the Court recognized in Haas, when you have hearing officers who have a pre or financial interest in ruling for the city and the city has an interest in the outcome that does not comport with due process, and therefore it would be futile to pursue a State court process in that circumstance. At least in the pleading stage, those allegations should suffice to address the ripeness issue, and we should be permitted to at least develop a record to establish that Once Your Honors have any additional questions, I'd reserve the additional time for rebuttal. You may. Thank you, Your Honor. Thank you for your argument. We'll hear from the city at this time. Ms. Smith. Thank you, Your Honors. Candidate Smith-Mendoza for the City of San Jose in this matter. First of all, based on what the Court has indicated, I do want to briefly ---- Could you pull the mic down and speak right up? Is that better? That's great. Thank you. I'd like to briefly address the Rooker-Feldman issues that were raised in the most recent letter provided by counsel for MHC. That was the April 6th letter. We didn't have an opportunity to submit anything in writing, so if I could address that briefly now. In terms of Rooker-Feldman, the ExxonMobil court versus Saudi Basic Industries case doesn't change the analysis from the city's standpoint. The court reiterated, the U.S. Supreme Court reiterated that cases brought by State court losers complaining of injuries caused by the State court judgment are prohibited. In this particular case, the six districts specifically decided the issue of fair return and whether the ordinance provided MHC with a fair return. That is the exact issue that the MHC is seeking to have adjudicated by the Federal Court. That is prohibited. That is a direct appeal of that particular decision. Moreover, almost every single one of the cases cited by MHC on the Rooker-Feldman issue are cases in which the party bringing the Federal action had been successful in State court. That is not the case we have here. This is a case very similar to the Feldman case where MHC did not succeed in State court and is now attempting to nullify that decision by bringing this action. In dealing with the DLX case, also cited in the April 6th letter, that particular case dealt with whether the injury alleged by the Federal plaintiff resulted from the State court judgment or is distinct from that judgment. There are 113 allegations in the Federal complaint. More than half of which directly deal with the decision at the State court level. The ultimate decision in that case, upholding the ordinance, upholding the administrative hearing officer's interpretation of the ordinance, determining that the MHC received a fair return, is what's being sought in this Federal action. It's inviting appeal of that decision. It's inviting review of it, which is prohibited. Briefly on San Ramo, on the race judicata issue, in that particular case, the Federal takings claims that had been raised by the appellants after losing in State court were barred under the doctrine of issue preclusion in that case. The fair return issue is a takings issue in this case, in the Federal case. By dealing with that particular issue, this Court, the Federal court would have no choice but to review what the State court did as to MHC's argument that it didn't get a fair return. I briefly want to move on to a couple of the other issues mentioned by opposing counsel, and that is the City's process in terms of the Haas argument. The City doesn't have an interest in the hearings conducted by hearing officers. Those hearings are by the mobile home park and the tenants. The City is not a party to those actions, and that should not be an issue in this case. The bias, however, of the hearing officer was an issue that was inextricably intertwined with the issues dealt with at the State level, and that issue should have been raised and could have been raised. So both Rooker-Feldman as well as race judicata should bar litigation of the alleged bias of the hearing officer. As to the futility argument, the same argument really applies. MHC has not made a meaningful application. A meaningful application is required. A letter from the City attorney's office, who has no decision-making power as to the administrative hearing, the City is not a party to the hearing, should not be considered a final determination. Therefore, the issue as to the second homeowners is clearly not ripe at this point. I just wanted to mention, in Noel, the appellant has repeatedly distorted the language in Noel on Rooker-Feldman by trying to say that this is not an appeal of the State court action, and I think by looking at the separate allegations set forth in the case, despite the other cases, despite the recent case law in this area, has no choice but to look at it as a direct appeal. Noel doesn't change the Rooker-Feldman analysis. The U.S. Supreme Court clarified what that analysis is, and the City's position is that this is an attempt to appeal the State court decision to get the Federal fair return or cannot get a fair return based on the ordinance, the way it is structured. Let's imagine, I have a hypothetical question for you, purely hypothetical. Let's imagine a completely different mobile home park within the City limits of San Jose, subject to this ordinance, and the owners of the park have the same subset of issues that this case does. They want to make sure that they abide by the local ordinance and that they exhaust any remedies that may be required of them, so they're not met with that argument. But their ultimate goal is to take the Federal court and litigate the Federal constitutionality of the ordinance facially and as applied to them. What do they have to do to avoid the problems that you point to in this case? What would they have to do? Well, first of all, I think as to the facial challenge, that is clearly barred by the statute of limitations. Assume this is timely. Assume that it's timely. In my hypothetical case, the statute of limitations is not a problem. I think if a Federal action It's not going to be a case filed tomorrow by a completely different entity. Yes. I think if the issues have not been already addressed by a State court in that a writ has not been taken pursuant to a determination that a rent increase could not be had and the takings issue, the fair return issue, any of the constitutional issues that would be raised in Federal court are not decided and they're reserved by that party, then I think that there would not be a problem in bringing the case. So they should simply go straight to Federal court and not involve themselves in connection with the ordinance or the State courts in any way? No, no. That's not what I meant. I meant that if they are challenging the ordinance on an as-applied theory, then it has to be applied. It has to be ripe. And by that I mean they either have to go through the process or successfully show why going through the process would be futile and avoid that altogether. Otherwise, the Federal court would have no choice but to send it back in order for a State court for them to exhaust their administrative remedies at that point. That's like catch-22 to me. In some ways it is. However, these are State court issues in terms of if someone wants to increase rent control, rent in a rent control scheme, they have a process. And that process is, has been determined to be a fair process. By State courts. By State courts, yes, Your Honor. And that process, once they go through it, if the takings issues, if the Federal  process, if they succeed, but once they've lost at State court and they've lost on the issue that the ordinance is upheld as constitutional, that they're getting a fair return, then they have a Feldman problem. And it's a Rooker-Feldman problem, I think, from the city's standpoint, because we're talking about a State court loser. Had MHC succeeded at the State court level and at that point the court said, no, you're not getting a fair return, we're going to allow you to increase the rents to whatever amount you would like, then I think they could successfully go into Federal court and raise all of the issues that they're raising now, assuming that they're not barred for other reasons. That is not the case we have. Roberts. Thank you. Roberts. Thank you, Your Honor. The injury that MHC suffered was not caused by the State court judgment. It was caused by the ordinance. Had the ordinance been construed as affording the hearing officer the discretion to do whatever the hearing officer wanted and the hearing officer made a decision and we said that decision injured us, we might have a different issue. But the law was construed as mandating the use of a 1985 base year. And we contend that a law that mandates a base year that is seven years after the start of rent control, so it doesn't even reflect market conditions, and that reflects a base year that is 18 years old where it is prohibitively difficult to have actual data, that such a law violates due process, equal protection and the takings clause. And that has nothing to do with the hearing officer's decision. It assumes that the hearing officer was right and that the State court was right and that 1985 is mandated by the State law. And we then contend that the law itself is causing our injury and the law itself is what violates the Federal Constitution. With respect to the fair return issue, there is no issue preclusion that was not raised in this case nor found in this case. What the hearing officer found, and again, not a judge, not a full and fair opportunity to litigate, but what the hearing officer found simply was that MHC had failed to prove under the use of a 1985 base year that it had been denied a fair return. That is very different than the issue that's before this Court, which is, is it constitutional to mandate a 1985 base year under circumstances where that doesn't reflect market conditions and under circumstances where it's undisputed that through no fault of the owner there are no actual documents or information available from which you can rebut the presumption mandated by the ordinance that that is a fair return. Even if there had been findings of fact which had some bearing on this case which there were not, we would contend that there was no full and fair opportunity to litigate for precisely the reasons we've alleged in our due process claim related to the institutional bias of the hearing officer and the fact that in these circumstances the trier of fact was not a judge, not even an administrative law judge, and that this decision by that hearing officer is then reviewed under a very differential substantial evidence standard so that we've never even had a determination made by a judge as to any facts, and in no event have we had any facts determined that are in any way preclusive of the Federal constitutional claims that are asserted here. And finally, it is well established that race judicata does not depend upon who won or who lost. It is a question of whether the same primary rights are being asserted in the later litigation, and we also suggest again that categorically race judicata is inapplicable in any circumstance where the State proceeding was an administrative writ proceeding and particularly one necessary to ripen Federal constitutional claims and where the Federal claims are thereafter of a Federal constitutional nature under Section 1983. Unless the Court has any further questions, I thank the Court very much. Thank you, Your Honor. Thank you, counsel. Thank both counsel for their argument. Very interesting case. It's submitted for decision. And we'll proceed to the next case on the calendar, which is King v. G.E. Financial. Thank you.
judges: Lay , B. Fletcher, Hawkins